CIVIL DIVISION

THOMAS SIMMONS, Administrator of the Estate of
RICHARD D. SIMMONS, Deceased, Plaintiff,

v.

ST. CLAIR MEMORIAL HOSPITAL, a
corporation, Defendant.

No. GD 80–29661

Before: SILVESTRI & WEKSELMAN, JJ.
OPINION

SILVESTRI, Judge:

Following a verdict for the defendant, plaintiff filed a motion for a new trial setting forth three reasons. The first reason asserted is:

"The Court erred in failing to allow the jury to decide whether St. Clair Hospital was vicariously liable for the negligence of L. Allan Wright, M.D., Chairman of the Department of Psychiatry at the hospital at the time of the incident and more specifically in the following respects:

a. In failing to allow mother to testify that she was told by hospital personnel that Dr. Wright was Chairman of the Department of Psychiatry at the hospital.

b. In granting defendant's second point for charge and in so charging on agency.

c. In refusing plaintiff's second point for charge and failing to so charge with respect to ostensible or apparent agency."

Dr. L. Allan Wright was not a party to this action; however, he was on the staff of the defendant hospital,

Chairman of its Psychiatric Department at all relevant times in this case and the plaintiff's decedent became a patient of Dr. Wright as the result of Dr. Wright being "on call" for emergency room service upon plaintiff's decedent's first contact with the defendant hospital.

Since the defendant hospital is a corporation and can only act through its agents, servants and employees, plaintiff's decedent, in addition to presenting evidence as to the conduct of other admitted agents, servants and employees, sought to admit and develop evidence that Dr. Wright was also an agent, servant and employee. The trial court ruled at an early stage in the trial of the case that Dr. Wright was not an agent, servant or employee of the defendant hospital and directing that there would be no further testimony on that issue.

We believe from the partial notes of testimony in the record before us and the trial judge's notes that there was sufficient evidence as to the conduct of Dr. Wright during the plaintiff's decedent's last admission to defendant hospital to warrant a jury in finding Dr. Wright negligent, thus rendering the defendant hospital vicariously liable if Dr. Wright was an agent, servant or employee of the defendant hospital.

We believe that the trial court in ruling as a matter of law that Dr. Wright was not an agent, servant or employee of the defendant hospital was error in withdrawing from the jury the question of whether Dr. Wright was an agent, servant or employee of the defendant hospital was prejudicial to plaintiff's case and affected the outcome thereof.

We have considered the other two reasons asserted by plaintiff's decedent for a new trial and find them to be without merit in that the excluded evidence was not relevant to the issues in the case.

Plaintiff's decedent's motion for a new trial will be grant-